**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ROBIN JOHNSON d/b/a CG JOHNSON & COMPANY; JAMES QUINN; FAHMIA, Inc.; and PRINZO & ASSOCIATES, LLC; individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>   v.<br><br>JPMORGAN CHASE BANK, N.A., doing business as CHASE BANK; JPMORGAN CHASE & CO.; and DOES 1 through 100,<br><br>     Defendants. | 20-cv-4100 (JSR) |
| JAMES QUINN, individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>SIGNATURE BANK; and DOES 1 through 100,<br><br>     Defendants. | 20-cv-4144 (JSR) |
| FAHMIA, Inc., individually and on behalf of all others similarly situated,<br><br>     Plaintiff,<br><br>   v.<br><br>MUFG AMERICAS HOLDING CO.; MUFG UNION BANK, N.A.; and DOES 1 through 100,<br><br>     Defendants. | 20-cv-4145 (JSR) |

FAHMIA, Inc., individually and on behalf of all others similarly situated,

     Plaintiff,

   v.

CITIBANK, N.A.; CITIGROUP INC.; and DOES 1 through 100,

     Defendants.

20-cv-4146 (JSR)

---

ROBIN JOHNSON d/b/a CG JOHNSON & COMPANY; JAMES QUINN; FAHMIA, Inc.; and PRINZO & ASSOCIATES, LLC, individually and on behalf of all others similarly situated,

     Plaintiff,

   v.

JPMORGAN CHASE BANK, N.A., d/b/a CHASE BANK; and JP MORGAN CHASE & CO.,

     Defendants.

20-cv-4858 (JSR)

---

TAX DIVAS, LLC and WILLIAMS AND J BOOKKEEPING, individually and on behalf of all others similarly situated,

     Plaintiffs,

   v.

J.P. MORGAN CHASE BANK and CITIBANK, N.A.,

     Defendants.

20-cv-5311 (JSR)

**SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' JOINT MOTION TO DISMISS BY DEFENDANTS JPMORGAN CHASE BANK, N.A. AND CITIBANK, N.A.**

## <u>TABLE OF CONTENTS</u>

PRELIMINARY STATEMENT ................................................................................................... 1

ARGUMENT ........................................................................................................................... 2

I.      TAX DIVAS' NDTPA CLAIM FAILS AS A MATTER OF LAW ................................. 2

II.     PLAINTIFFS' CLAIM FOR MONEY HAD AND RECEIVED FAILS
        AS A MATTER OF LAW ................................................................................................ 5

III.    THE COURT LACKS SUBJECT MATTER JURISDICTION ........................................ 7

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Bertsch v. Discover Fin. Servs.*,
  2020 WL 1170212 (D. Nev. Mar. 11, 2020) ............................................................2

*Bryant v. CIT Grp./Consumer Fin.*,
  2018 WL 1740075 (S.D. Tex. Apr. 11, 2018) ..........................................................7

*Burgos v. Airday*,
  2001 WL 995342 (S.D.N.Y. Aug. 29, 2001) ............................................................6

*Carter v. Richland Holdings, Inc.*,
  2018 WL 4566667 (D. Nev. Sept. 24, 2018) ............................................................4

*Cohen v. BMW Invs. L.P.*,
  144 F. Supp. 3d 492 (S.D.N.Y. 2015) ......................................................................5

*Cox v. PNC Bank, Nat'l Ass'n*,
  2017 WL 4544421 (D. Nev. Oct. 10, 2017) ..............................................................2

*Dunham Tr. Co. v. Wells Fargo Bank, N.A.*,
  2019 WL 5684172 (D. Nev. Oct. 31, 2019) ..............................................................2

*Finkel v. E.A. Techs., Inc.*,
  2014 WL 4364757 (E.D.N.Y. Sept. 3, 2014) ............................................................6

*Fischer v. Graham*,
  2016 WL 3181157 (S.D.N.Y. June 3, 2016) ......................................................5, 6, 7

*Gage v. Cox Commc'ns, Inc.*,
  2017 WL 1536219 (D. Nev. Apr. 27, 2017) ..............................................................2

*Gargano v. Morey*,
  165 A.D.3d 889 (2d Dep't 2018) ..............................................................................5

*Goel v. Ramachandran*,
  111 A.D.3d 783 (2d Dep't 2013) ..............................................................................6

*Harlow v. LSI Title Agency, Inc.*,
  2012 WL 5425722 (D. Nev. Nov. 6, 2012) ..............................................................3

*Horner v. Mortg. Elec. Registration Sys., Inc.*,
  711 F. App'x 817 (9th Cir. 2017) ..........................................................................2, 3

*Jamil v. Caesars Entm't Corp.*,
   2015 WL 1993928 (D. Nev. Apr. 30, 2015) ................................................................4

*Jetro Holdings, LLC v. MasterCard Int'l, Inc.*,
   166 A.D.3d 594 (2d Dep't 2018) ................................................................................7

*Johnson v. Affiliated Computer Servs., Inc.*,
   2011 WL 4011429 (N.D. Tex. Sept. 9, 2011), *aff'd*, 500 F. App'x 265 (5th
   Cir. 2012) ....................................................................................................................2

*Litwin v. Chase Bank USA, N.A.*,
   2011 WL 2017667 (S.D.N.Y. May 16, 2011) ............................................................1

*Magi XXI, Inc. v. Stato Della Città Del Vaticano*,
   22 F. Supp. 3d 195 (E.D.N.Y. 2014) ..........................................................................7

*Mallory v. McCarthy & Holthus, LLP*,
   2015 WL 2185413 (D. Nev. May 11, 2015) ...............................................................4

*Peatrowsky v. Persolve*,
   2014 WL 1215061 (D. Nev. Mar. 24, 2014) ...............................................................3

*Picus v. Wal-Mart Stores, Inc.*,
   256 F.R.D. 651 (D. Nev. 2009)...................................................................................2

*Ponomarenko v. Shapiro*,
   287 F. Supp. 3d 816 (N.D. Cal. 2018) ........................................................................3

*Poole v. Nev. Auto Dealership Invs., LLC*,
   135 Nev. 280 (Nev. 2019).........................................................................................3

*Prof-2013-S3 Legal Title Tr. v. SFR Invs. Pool 1, LLC*,
   2018 WL 2465177 (D. Nev. May 31, 2018) ..............................................................2

*Risinger v. SOC LLC*,
   936 F. Supp. 2d 1235 (D. Nev. 2013) .........................................................................7

*SH575 Holdings LLC v. Reliable Abstract Co.*,
   L.L.C., 2020 WL 1929822 (Sup. Ct. N.Y. Cnty. Apr. 15, 2020) ..............................5

*Strange v. Flagstar Bank, FSB*,
   2012 WL 987584 (N.D. Tex. Mar. 22, 2012) .............................................................2

*Sylver v. Exec. Jet Mgmt.*,
   2011 WL 9329 (D. Nev. Jan. 3, 2011).........................................................................4

*Taddeo v. Taddeo*,
   2011 WL 4074433 (D. Nev. Sept. 13, 2011)...............................................................4

*Tornado Bus Co. v. Bus & Coach Am. Corp.*,
   2015 WL 5164731 (N.D. Tex. Sept. 2, 2015)................................................................2

*Traffix, Inc. v. Herold*,
   269 F. Supp. 2d 223 (S.D.N.Y. 2003)........................................................................6

**Statutes**

15 U.S.C. § 636(a)(36)(P)(i) ..........................................................................................6

NRS 41.600 ..................................................................................................................2, 3

NRS 598.092(8) ............................................................................................................2, 4

NRS 598.0915 .............................................................................................................2, 3. 4

NRS 598.0923(3) ............................................................................................................3

NRS 598.0955(1)(a) ........................................................................................................4

**Other Authorities**

Fed. R. Civ. P. 8 ............................................................................................................3

Fed. R. Civ. P. 9(b) .....................................................................................................2, 3, 5

Fed. R. Civ. P. 12(b)(1)..................................................................................................7

Pursuant to the Court's Order dated July 14, 2020 (Rec. Doc. 10) in Case No. 20-CV-5311 (the "*Tax Divas* Action"), Defendants JPMorgan Chase Bank, N.A. ("Chase")[1] and Citibank, N.A. ("Citibank," and together, the "Defendants") respectfully submit this Supplemental Memorandum of Law in further support of the Joint Motion to Dismiss (the "Joint MTD") filed on July 10, 2020 in Case No. 20-CV-04100, which is hereby incorporated in its entirety by reference.[2]  This supplement addresses issues unique to the *Tax Divas* Action, including the two new claims alleging violation of the Nevada Deceptive Trade Practices Act ("NDTPA") and money had and received.

## PRELIMINARY STATEMENT

The *Tax Divas* Action largely mirrors the other consolidated cases, as Tax Divas, LLC ("Tax Divas") and Williams and J Bookkeeping (together, "Plaintiffs") claim they are entitled to purported PPP "agent fees" from Chase and Citibank.[3]  However, as set forth in the Joint MTD, the CARES Act does ***not*** state that all purported "agents" shall be paid fees, nor does it revise or abolish the established Section 7(a) requirements that agents must obtain lender approval and enter into an agreement before they can be paid any fees.  Here, neither of the Plaintiffs has—or purports to have—any type of contract or relationship with Chase or Citibank whereby the bank agreed to do business with them or to pay any of their fees.  "Unfortunately for [P]laintiff[s, they] . . . cannot state a claim by manufacturing a rule that does not exist and then claim[] that the [D]efendant[s] violated this invented legislative mandate."  *Litwin v. Chase Bank USA, N.A.*, 2011 WL 2017667, at *4 (S.D.N.Y. May 16, 2011) (Rakoff, J.).  For all the same reasons set forth in the Joint MTD, the *Tax Divas* Action should be dismissed.[4]  As for the two new causes of action asserted in the

---

[1] JPMorgan Chase Bank, N.A. is incorrectly named in the Complaint as J.P. Morgan Chase Bank.

[2] Unless otherwise defined herein, defined terms shall have the same meaning as in the Joint MTD.

[3] Both Plaintiffs assert claims against Chase and only Tax Divas asserts claims against Citibank.

[4] Even if Plaintiffs contend that Nevada or Texas law applies to their unjust enrichment, conversion, and/or breach of contract claims, these claims would still fail for the same and/or

*Tax Divas* Action, they both fail as a matter of law, as set forth in more detail below.

## **ARGUMENT**

## I.   **TAX DIVAS' NDTPA CLAIM FAILS AS A MATTER OF LAW**

The NDTPA is enforceable only by "victim[s] of consumer fraud," NRS 41.600(1), and a plaintiff must establish: (1) "an act of consumer fraud by the defendant," (2) causation, and (3) damages.  *Bertsch v. Discover Fin. Servs.*, 2020 WL 1170212, at *5 (D. Nev. Mar. 11, 2020) (citing *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 657-58 (D. Nev. 2009)).  "Consumer fraud" is defined to include "[a] deceptive trade practice as defined in NRS 598.0915 to 598.0925, inclusive"—statutory provisions which enumerate categories of "deceptive" conduct in transactions for "goods or services" or affecting the general public.  NRS 41.600(2)(e), 598.0915.

Here, Tax Divas attempts to invoke two categories of "consumer fraud" as to a transaction: (1) NRS 598.0915(15) (involving "any other false representation in a transaction") and (2) NRS 598.092(8) (involving a misrepresentation of "the legal rights, obligations or remedies of a party to a transaction").  Compl. ¶¶ 141-42.  As it has not and cannot plead, with particularity, any such act of consumer fraud—let alone causation leading to damages—this claim fails as a matter of law.

It is well-settled that Tax Divas must plead its NDTPA claim with particularity as required by Rule 9(b).  *See, e.g.*, *Horner v. Mortg. Elec. Registration Sys., Inc.*, 711 F. App'x 817, 818 (9th Cir. 2017) (affirming dismissal of NDPTA claim as not pled with particularity); *Gage v. Cox Commc'ns, Inc.*, 2017 WL 1536219, at *2 (D. Nev. Apr. 27, 2017) (same).  But all Tax Divas

---

similar reasons.  *See Johnson v. Affiliated Computer Servs., Inc.*, 2011 WL 4011429, at *8 (N.D. Tex. Sept. 9, 2011), *aff'd*, 500 F. App'x 265 (5th Cir. 2012); *Dunham Tr. Co. v. Wells Fargo Bank, N.A.*, 2019 WL 5684172, at *4-5 (D. Nev. Oct. 31, 2019); *Prof-2013-S3 Legal Title Tr. v. SFR Invs. Pool 1, LLC*, 2018 WL 2465177, at *7 (D. Nev. May 31, 2018); *Cox v. PNC Bank, Nat'l Ass'n*, 2017 WL 4544421, at *3 (D. Nev. Oct. 10, 2017); *Tornado Bus Co. v. Bus & Coach Am. Corp.*, 2015 WL 5164731, at *6 (N.D. Tex. Sept. 2, 2015); *Strange v. Flagstar Bank, FSB*, 2012 WL 987584, at *2-3 (N.D. Tex. Mar. 22, 2012) (granting motions to dismiss under TX or NV law).

alleges is that Defendants made purported "misrepresentations and omissions" on uncited "websites" suggesting "that they were processing the applications submitted in conformity with PPP rules and according to SBA guidance—including the obligation to pay Agent Fees." *Id.* ¶ 143. This is insufficient to state a plausible claim under Rule 8, let alone sufficient under Rule 9(b), which requires "facts regarding the 'who, what, when, where, and how' of the alleged misrepresentations." *Ponomarenko v. Shapiro*, 287 F. Supp. 3d 816, 830-31 (N.D. Cal. 2018) (dismissing NRS 598.0915 claim because "vague factual allegations and recitation of the elements of the Nevada Statute are insufficient to meet the requirements of Rule 9(b), or even the pleading standards set forth in *Iqbal* and *Twombly*"). For this reason alone, the claim should be dismissed.

With respect to the purported "misrepresentations and omissions" vaguely described in its Complaint, Tax Divas has not and cannot plead that Defendants' conduct was "in a transaction" or about "a party to a transaction" covered by the NDTPA. NRS 598.0915(15), 598.092(8).[5] The NDTPA covers only "consumer fraud"—*i.e.*, deception in the sale or lease of "goods and services" or similar transactions with consumers.[6] Indeed, the Nevada Supreme Court recently affirmed that "the NDTPA's legislative purpose [was] to protect consumers." *Poole v. Nev. Auto Dealership*

---

[5] To the extent Plaintiffs also ask this Court to expand the scope of NRS 598.0923(3) with their "violation of PPP" allegations—which is a separate NDTPA subsection providing that a person engages in a "deceptive trade practice" when he or she knowingly "[v]iolates a state or federal statute or regulation relating to the sale or lease of goods or services"—that request should be categorically rejected. *See Peatrowsky v. Persolve*, 2014 WL 1215061, at *5 (D. Nev. Mar. 24, 2014) (holding that "[plaintiff's] NDTPA claim is an attempt to shove her square facts into this round hole of Nevada law").

[6] *See, e.g.*, NRS 41.600(1), 598.015(1)-(15); *Horner*, 711 F. App'x at 818 (9th Cir. 2017) (affirming dismissal of NDTPA claim "because Horner did not allege facts sufficient to show that defendants' allegedly deceptive practices related to goods or services"); *Harlow v. LSI Title Agency, Inc.*, 2012 WL 5425722, at *5 (D. Nev. Nov. 6, 2012) ("Subsection 598.0915(15) is a catch-all provision . . . . Although [it] is not specifically limited to transactions involving the sale or lease of goods or services, the plain language and overall organization of § 598.0915 indicate that subsection fifteen, like the rest of the transactions enumerated in the statute, applies to transactions involving the sale or lease of goods or services.").

*Invs., LLC*, 135 Nev. 280, 288 (Nev. 2019).  Like the GBL § 349 claim, Tax Divas has not and cannot allege any "consumer-oriented" practice or transaction.  *See* Joint MTD at 25-26.  Indeed, it is a ***business*** that provides professional accounting advice to ***business*** clients for purposes of securing a ***business*** loan—there is no consumer transaction at all.  Nor, for purposes of NRS 598.092(8), can Tax Divas be considered "a party to a transaction," as it has no relationship— transactional or otherwise—with Defendants.  *See Carter v. Richland Holdings, Inc.*, 2018 WL 4566667, at *8 (D. Nev. Sept. 24, 2018) (dismissing NDTPA claims under NRS 598.015(15) and 598.092(8) based on lack of a "consumer transaction" between the parties).

Tax Divas similarly cannot plead any false representation, because, as set forth in the Joint MTD, Defendants have no statutory or regulatory obligation to pay Plaintiffs purported agent fees. *See* Joint MTD at 7-15; NRS 598.0955(1)(a) (NDTPA does not apply to "[c]onduct in compliance with the orders or rules of, or a statute administered by, a federal, state or local governmental agency").  Nor can Tax Divas plead a duty that would give rise to an obligation to disclose any information in order to support a NDTPA claim based on purported "omissions."  *See* Compl. ¶ 143; *Mallory v. McCarthy & Holthus, LLP*, 2015 WL 2185413, at *3 (D. Nev. May 11, 2015).

Finally, to plead causation under the NDTPA, "a plaintiff must allege that they reasonably relied on the alleged misrepresentation . . . ."  *Sylver v. Exec. Jet Mgmt.*, 2011 WL 9329, at *3 (D. Nev. Jan. 3, 2011).  Tax Divas does not allege that it relied on the purported misrepresentations or even that it saw them before deciding to assist borrowers with PPP applications, and thus fails to establish causation.  *See Jamil v. Caesars Entm't Corp.*, 2015 WL 1993928, at *4 (D. Nev. Apr. 30, 2015) (dismissing NDTPA claim where alleged misrepresentations came *after* the act they allegedly induced); *Taddeo v. Taddeo*, 2011 WL 4074433, at *5 (D. Nev. Sept. 13, 2011) (complaint "contains no specific facts showing that Defendants made a statement or omission upon

4

which Plaintiffs reasonably relied . . . [or that] caused the loss.  This conclusory pleading is inadequate to satisfy Rule 9(b).").  The NDTPA claim should be dismissed with prejudice.

## II.    PLAINTIFFS' CLAIM FOR MONEY HAD AND RECEIVED FAILS AS A MATTER OF LAW

"Under New York law, an action for money had and received lies when (1) defendant received money belonging to plaintiff; (2) defendant benefitted from the receipt of money; and (3) under principles of equity and good conscience, defendant should not be permitted to keep the money." *Fischer v. Graham*, 2016 WL 3181157, at *12 (S.D.N.Y. June 3, 2016) (citations and internal quotation marks omitted).  This claim "traditionally" involves obtaining money "through the medium of oppression, imposition, extortion, or deceit, or by the commission of a trespass," *id.* at *4, and is often viewed to be "similar to a cause of action to recover damages for unjust enrichment." *Gargano v. Morey*, 165 A.D.3d 889, 891 (2d Dep't 2018) (affirming dismissal).  As with their unjust enrichment claim, Plaintiffs cannot establish that a special circumstance warranting such an equitable obligation exists here, particularly given their own noncompliance with the longstanding regime in place for a purported agent to obtain fees in connection with assisting in the application process for an SBA loan.  *See* Joint MTD at 21-22.

*First*, Plaintiffs have not—and cannot—allege a "sufficiently close relationship" between themselves and Chase or Citibank.  *Cohen v. BMW Invs. L.P.*, 144 F. Supp. 3d 492, 501 (S.D.N.Y. 2015) ("On the facts alleged in the complaint, there was no relationship between Cohen and BMW of any kind prior to this litigation."); *see also SH575 Holdings LLC v. Reliable Abstract Co.*, L.L.C., 2020 WL 1929822, at *5 (Sup. Ct. N.Y. Cnty. Apr. 15, 2020) (noting that plaintiff "must assert a connection between the parties that is not attenuated" and finding that "no relationship between plaintiff and moving defendants has been asserted").  Here, not a single allegation in the Complaint suggests that Defendants approved Plaintiffs' purported role as an agent or even knew

5

of either Plaintiff prior to this litigation.  While Tax Divas generically alleges that its borrower clients inquired about agent fees after-the-fact, Compl.  ¶¶ 55, 63, that is far too attenuated, and for this reason alone, Plaintiffs' money had and received claim fails.

Second, Plaintiffs cannot establish that Defendants received "money that 'rightfully belongs' to [Plaintiffs]."  *Goel v. Ramachandran*, 111 A.D.3d 783, 790-91 (2d Dep't 2013). Plaintiffs' alleged entitlement to a portion of SBA lender fees paid to Defendants is premised on a misguided interpretation of the CARES Act, which does ***not*** establish that Plaintiffs had an "ownership interest in [these] funds." *Traffix, Inc. v. Herold*, 269 F. Supp. 2d 223, 229 (S.D.N.Y. 2003); *see also Fischer*, 2016 WL 3181157, at *4 (noting plaintiffs "never had an interest" in the bank account, of which defendant was the "sole account holder"); *see also* Joint MTD at 7-15. Even accepting Plaintiffs' flawed interpretation as true—*i.e.*, that a portion of SBA lender fees for Chase and Citibank were "earmarked" as "Agent Fees," *see* Compl, ¶ 118—these allegations are still insufficient.  *See Finkel v. E.A. Techs., Inc.*, 2014 WL 4364757, at *7 (E.D.N.Y. Sept. 3, 2014) (finding claim could not be based on defendants' receipt of funds from third party "that had also been promised" to plaintiff).

*Third*, Plaintiffs cannot establish that it would be against "equity and good conscience" for Defendants to retain any funds provided to it by SBA, as Congress specifically directed that lenders "shall" receive compensation for processing PPP loans.  15 U.S.C. § 636(a)(36)(P)(i); Joint MTD at 22;  *cf. Burgos v. Airday*, 2001 WL 995342, at *8-9 (S.D.N.Y. Aug. 29, 2001) (dismissing money had and received claim, noting that "no cause of action can be stated where a statute or regulation requires or otherwise authorizes the collection of fees" and finding that defendant was "authorized by statute to collect the money sought" by plaintiff).  Nor is it inequitable for Defendants to retain the money received from SBA when no statutory or contractual obligation

exists for them to pay agent fees. *See Jetro Holdings, LLC v. MasterCard Int'l, Inc.*, 166 A.D.3d

594, 598 (2d Dep't 2018) (no unjust benefit where defendant merely exercised its "purported

contractual rights"). This is particularly true where Plaintiffs failed to comply with longstanding

Section 7(a) requirements for obtaining agent fees—including express authorization from the

lender ***in advance*** of the loan application's processing—which was not modified or otherwise

halted by the CARES Act. Defendants cannot be held responsible for Plaintiffs' own failures in

this regard, nor would it be reasonable for Plaintiffs to expect to be paid by lender in the absence

of any agreement and without seeking express authorization in advance. *See* Joint MTD at 22.

*Fourth*, Plaintiffs cannot establish that Defendants "came to possession of the [funds]

through oppression, imposition, extortion, or deceit, or by the commission of a trespass." *Fischer*,

2016 WL 3181157, at *4; *see also Magi XXI, Inc. v. Stato Della Città Del Vaticano*, 22 F. Supp.

3d 195, 207 (E.D.N.Y. 2014) (money had and received action "is intended to apply when . . . an

agent of trust . . . uses some form of oppression or extortion to wrongfully procure the funds").

Plaintiffs cannot remotely satisfy this element, which explains why no such allegation appears in

their Complaint.[7] This claim, too, should be dismissed with prejudice.

## III.    THE COURT LACKS SUBJECT MATTER JURISDICTION

Plaintiffs never made requests for agent fees that were denied, so their claims should be

dismissed under Rule 12(b)(1) on standing and ripeness grounds. *See* Joint MTD at 29-30.

---

[7] To the extent Plaintiffs seek to pursue such a claim under Nevada or Texas law, the standard in these states is similar and the claim would fail for the same reasons as under New York law. *See Risinger v. SOC LLC*, 936 F. Supp. 2d 1235, 1245 (D. Nev. 2013) (internal citation omitted) (Nevada law); *Bryant v. CIT Grp./Consumer Fin.*, 2018 WL 1740075, at *8 (S.D. Tex. Apr. 11, 2018) (Texas law). Moreover, under Nevada law, the claim should be dismissed as "duplicative of [the] unjust enrichment claim" and also because the funds in question were not paid to Defendants by the Plaintiffs, but rather, SBA. *See Risinger*, 936 F. Supp. 2d 1245 (dismissing claim as duplicative and noting that "it is not clear that this cause of action applies, since [Plaintiff] does not allege paying [Defendant] any money to hold for [Plaintiff's] use").

Dated:  July 20, 2020                               Respectfully submitted,

                                                    **GREENBERG TRAURIG, LLP**


                                                    By:  */s/ Sylvia E. Simson*
                                                         Sylvia E. Simson

                                                         Sylvia E. Simson
                                                         Keith Hammeran
                                                         Noah Lindenfeld
                                                         200 Park Avenue, 39th Floor, Suite 39-36
                                                         New York, New York 10166
                                                         (212) 801-9275

                                                         Paul J. Ferak (*pro hac vice*)
                                                         ferakp@gtlaw.com
                                                         77 West Wacker Drive, Suite 3100
                                                         Chicago, IL 60601
                                                         (312) 456-8400

                                                    *Attorneys for Defendant JPMorgan Chase Bank,*
                                                    *N.A.*

                                                    **MAYER BROWN LLP**


                                                    By:  */s/ Lucia Nale*
                                                         Lucia Nale

                                                         Christopher J. Houpt
                                                         1221 Avenue of the Americas
                                                         New York, New York 10020
                                                         (212) 506-2374

                                                         Lucia Nale (*pro hac vice*)
                                                         Thomas V. Panoff (*pro hac vice*)
                                                         Christopher S. Comstock (*pro hac vice*)
                                                         Andrew J. Spadafora (*pro hac vice*)
                                                         71 South Wacker Drive
                                                         Chicago, Illinois 60606
                                                         (312) 782-0600

                                                    *Attorneys for Defendant Citibank, N.A.*

8