UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TAX DIVAS, LLC and<br>WILLIAMS AND J BOOKKEEPING<br>*Individually and on behalf of all other similarly situated*,<br><br>　　　　　　　　　　　Plaintiffs,<br><br>　　　v.<br><br>J.P. MORGAN CHASE BANK and<br>CITIBANK, N.A.,<br><br>　　　　　　　　　　　Defendants. | Case No. 1:20-cv-05311 (JSR) |

**DEFENDANT CITIBANK, N.A.'S INDIVIDUAL SUPPLEMENTAL
MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant Citibank, N.A. ("Citibank") adopts and incorporates the Joint Motion to Dismiss filed on July 10, 2020 on behalf of the Defendants in the actions numbered 20-cv-4100, 20-cv-4144, 20-cv-4145, 20-cv-4146, and 20-cv-4858, which have been consolidated for pretrial purposes before this Court, as well as its joint Motion to Dismiss filed with J.P. Morgan Chase Bank ("Chase") in the present case [Dkt. # 28]. Pursuant to the Court's July 14, 2020 Scheduling Order [Dkt. #10], Citibank also submits this Individual Supplemental Memorandum of Law to raise additional grounds requiring dismissal of Plaintiff Tax Divas, LLC's ("Tax Divas")[1] two statutory claims against Citibank under New York and Nevada law.

**I.　PLAINTIFFS' ALLEGATIONS**[2]

The Complaint in the above-captioned matter alleges that Tax Divas and its owner, Mary Fries, assisted "a client that owns a small scooter rental startup" in Las Vegas with submitting an

---

[1]　The Complaint does not allege that Williams and J Bookkeeping ("Williams"), the other named Plaintiff, assisted any applicant in submitting a PPP loan application to Citibank. *See, e.g.*, Compl. ¶¶ 68-76 (alleging that Williams assisted an applicant in submitting an application to Chase but not Citibank). Accordingly, Williams does not have standing to bring any claims against Citibank.

[2]　Tax Divas' factual allegations are taken as true only for purposes of the Motion to Dismiss. Citibank expressly reserves its right to contest any of the allegations at any appropriate time.

application to Citibank for a Paycheck Protection Program ("PPP") loan. Compl. ¶¶ 61-67. The Complaint alleges that the "startup" ultimately received "a PPP loan of $5,000 from Citibank." *Id.* ¶ 62. Tax Divas claims that it is entitled to "agent fees" from Citibank for the work it allegedly performed in assisting the startup with applying for the loan. *Id.* ¶¶ 61-67. According to the Complaint, because Citibank's PPP loan application form "did not include a field for asking whether the applicant was assisted by an Agent," Ms. Fries allegedly asked the "scooter rental startup" to "contact Citibank" regarding agent fees. *Id.* ¶ 63. Citibank allegedly told the "startup" that Citibank would "not pay Agent Fees." *Id.*

Tax Divas asserts various claims against Citibank, including claims for: Violation of New York General Business Law ("GBL") § 349 (Count VI, Compl. ¶¶ 130-138); and Violation of Nevada Deceptive Trade Practices Act ("NDTPA") (Count VII, Compl. ¶¶ 139-148).

## II. CITIBANK'S ONLINE PPP LOAN APPLICATION FORM

As described in the attached Declaration of Darren Kaufman, on Saturday, July 18, 2020, counsel for Tax Divas purported to identify the name and address of the "scooter rental startup" alleged in the Complaint. *See* Declaration of Darren Kaufman, **Exhibit A** hereto, at ¶ 4.[3] However, Citibank has no record of making a PPP loan to the entity identified by Tax Divas' counsel. *Id.* Instead, according to Citibank's records, the only PPP loan made by Citibank that matches the description in the Complaint was a loan that was applied for through Citibank's online PPP loan application form ("Online PPP Application Form"). *Id.* The first page of the Online PPP Application Form states clearly at the very beginning that Citibank "is happy to

---

[3] In connection with Citibank's Motion to Dismiss, the Court can consider the statements in the Kaufman Declaration and the attached exhibit thereto regarding Citibank's Online PPP Application Form because the application process is central to the claims and allegations in the Complaint and Tax Divas had "actual notice" of the information and "relied upon" it in framing the Complaint. *See In re Platinum-Beechwood Litig.*, 427 F. Supp. 3d 394, 472 n.27 (S.D.N.Y. 2019 (Rakoff, J.) (court can consider on a motion to dismiss materials when the plaintiff "has actual notice" of the information in the materials and "relied upon" such information "in framing the complaint").

work directly with applicants" but does not "compensate agents in connection with this program." *Id.* ¶ 5; *see also* Kaufman Decl. at **Exhibit 1**. The disclaimer read as follows:



### III.   ARGUMENT

In order to state a claim under GBL § 349, Tax Divas must show that Citibank committed an act or practice that: (1) is "consumer-oriented," (2) is misleading in a material respect, and (3) injured Tax Divas as a result. *Spagnola v. Chubb Corp.*, 574 F.3d 64, 74 (2d Cir. 2009). Likewise, Tax Divas attempts to raise claims under provisions of Nevada's DTPA that prohibit (1) knowingly making a false representation in a transaction (Nev. Rev. Stat. § 598.0915(15)) or (2) knowingly misrepresenting the legal rights, obligations or remedies of a party to a transaction (Nev. Rev. Stat. § 598.092(8)). To state a claim under either of these provisions of the NDTPA, Tax Divas must show that Citibank committed: (1) an act of consumer fraud (2) that caused (3) damages to Tax Divas. *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 658 (D. Nev. 2009).

Thus, both GBL § 349 and the NDTPA require Tax Divas to allege and prove that it was misled or deceived by Citibank. Tax Divas attempts to satisfy this element of its claims by alleging that Citibank "deceive[d]" and "misle[d]" it into believing Citibank would pay fees to agents who assisted applicants in submitting PPP loan applications. *See, e.g.*, Compl. ¶ 134 (arguing that Defendants engaged in "acts, practices, statements, policies, correspondence, and representations" that "were likely to deceive and mislead Plaintiffs"); ¶ 144 (same).

However, Tax Divas does not, and cannot, allege any actions or statements by Citibank that would have led it to believe that Citibank would pay PPP agent fees. To the contrary, Tax Divas explicitly alleges that Citibank's application form did not ask for any information about agents and that, when Tax Divas' client contacted Citibank at the request of Ms. Fries, Citibank explicitly stated that *it would not pay agent fees*. Compl. ¶ 63.

Further negating Tax Divas' claims, Citibank's Online PPP Application Form included specific language at the top of the very first page stating that Citibank "*do[es] not compensate agents in connection with this program*." Kaufman Decl. ¶ 5 and **Exhibit 1** thereto (emphasis added). Therefore, Ms. Fries and anyone else at Tax Divas who allegedly submitted a PPP loan application through Citibank's Online PPP Application Form would have seen the disclaimer (or been informed by their client) explicitly stating that Citibank would not pay alleged agents for any work allegedly performed in assisting an applicant in submitting a PPP loan application.

Accordingly, Tax Divas cannot plausibly allege or demonstrate that Citibank deceived it or misled it into believing that Citibank would pay PPP agent fees. To the contrary, as Tax Divas concedes, Citibank explicitly told its client that Citibank would not pay agent fees—as Citibank's Online PPP Application Form clearly stated. Compl. ¶ 36. Nor can Tax Divas show that it suffered any injury that was caused by any allegedly misleading statements or actions. Accordingly, Tax Divas' claims against Citibank under GBL § 349 and the NDTPA fail as a matter of law for these additional reasons and should be dismissed.

## IV.   CONCLUSION

For the reasons stated in the Joint Motions to Dismiss that are incorporated herein and those set forth above, Tax Divas' claims against Citibank should be dismissed in their entirety.

Dated: July 20, 2020

        By: */s/ Lucia Nale*
        Christopher J. Houpt
        MAYER BROWN LLP
        1221 Avenue of the Americas
        New York, NY 10020
        Telephone: (212) 506-2374
        choupt@mayerbrown.com

        Lucia Nale (Admitted Pro Hac Vice)
        Thomas V. Panoff (Admitted Pro Hac Vice)
        Christopher S. Comstock (Admitted Pro Hac Vice)
        Andrew J. Spadafora (Admitted Pro Hac Vice)
        MAYER BROWN LLP
        71 South Wacker Drive
        Chicago, IL 60606-7463
        Telephone: (312) 782-0600
        lnale@mayerbrown.com
        tpanoff@mayerbrown.com
        comstock@mayerbrown.com
        aspadafora@mayerbrown.com

        *Counsel for Defendant Citibank, N.A.*